UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GET BACK UP, INC.,

           Plaintiff,                     Civil Action No. 2:11-cv-13909

        v.                              District Judge Robert H. Cleland
                                            Magistrate Judge Laurie J. Michelson

CITY OF DETROIT and
CITY OF DETROIT BOARD OF
ZONING APPEALS,

           Defendants.
_____/

**OPINION AND ORDER RESOLVING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [10]**

      Plaintiff Get Back Up, Inc. operates a residential substance abuse facility in a historic district of Detroit, Michigan. Under the City's zoning ordinances, Get Back Up has to obtain a conditional use permit to operate that type of facility in that district. Get Back Up initially received the required permit from the City's Building and Safety Engineering Department, but the neighborhood homeowner's association appealed the permit award to the City's Board of Zoning Appeals, and the Board reversed the grant. The Board's decision was upheld by the Michigan courts. Plaintiff then brought this federal lawsuit against Defendants City of Detroit and its Board of Zoning Appeals alleging that the City's zoning ordinance on its face, and the Board of Zoning Appeals' permit decision in this instance, violated federal laws, including the Fair Housing Act, the Americans with Disabilities Act, and the Rehabilitation Act. (Dkt. 1, Compl. ¶¶ 46-54.)

      A contractor with Get Back Up, the Michigan Department of Corrections, recently indicated its intention to terminate its agreement with Get Back Up at least in part because Plaintiff lacks a

conditional use permit.  (Dkt. 10, Pl.'s Mot. for Prelim. Inj., Exs. Q, EE.)  Accordingly, Get Back Up has now moved for immediate relief, asking this Court to preliminarily enjoin the City from enforcing its ordinance pending final resolution of this suit.  (Pl.'s Mot. for Prelim. Inj. at 5.)  Get Back Up's Motion for Preliminary Injunction, by way of referral and waiver of the right to object by the parties, is presently before the Court for disposition. (Dkts. 11, 13.)  The Court set an expedited briefing schedule and heard oral argument on the motion on July 11, 2012. (*See* Dkt. 12.)

For the reasons set forth below, the Court finds that Get Back Up is not precluded from bringing this suit under the doctrine of *res judicata* because the state court only adjudicated an administrative appeal on the merits, which, under Michigan Supreme Court authority, is not the type of adjudication that precludes a subsequent civil suit.  Further, by a stipulation of the parties entered contemporaneously with this opinion and order, the Court resolves Plaintiff's Motion for Preliminary Injunction as follows: IT IS HEREBY ORDERED that Defendants City of Detroit and the Board of Zoning Appeals shall not, pursuant to Mich. Comp. Laws § 125.3407, seek to shut down Get Back Up's substance abuse facility as a *nuisance per se* until either further order from this Court or this Court enters final judgment.[1]

## I.  BACKGROUND

### A.  Get Back Up's Facility

The life story of Dr. William L. Taylor, Jr., President and CEO of Plaintiff Get Back Up, Inc., illustrates the organization's aim: Dr. Taylor was an All-American football player at the University of Michigan, battled with alcoholism, and then spent time on the streets of Detroit and

---

[1]Although this resolution of Plaintiff's Motion for Preliminary Injunction appears disjointed, as will be made clear below, it is proper given the circumstances of this case.

2

in prison before recovering from his addiction, earning a doctorate, and founding Get Back Up, Inc. (Pl.'s Mot. for Prelim. Inj. at 6, ¶ 7.) Get Back Up is a non-profit that operates a 160-bed residential substance abuse treatment facility in Detroit, Michigan. (*Id.* at 6, ¶ 1.) Plaintiff currently has contracts to serve adult males who are homeless, unemployed, uninsured, or mandated to enter the program by a court. (*Id.* at 8, ¶ 10.) In addition to substance abuse treatment, Get Back Up offers adult education and job training. (*Id.* at 8, ¶ 11.)

Get Back Up's treatment facility is a secured, remodeled school building located in a "B4" zoning district in Detroit, Michigan. (*Id.* ¶¶ 4-6, 13, 49, 58.) The Detroit Zoning Ordinance ("Ordinance") provides that certain uses in a B4 district are permitted "by-right." (Pl.'s Mot. Prelim. Inj., Ex. E, at ECF Pg ID 475-76 (Ordinance, Article IX, §§ 61-9-75, 61-9-76).) These include, for example, a nursing home, a nonprofit neighborhood center, and a medical clinic. (*Id.*) The Ordinance, however, classifies other uses, such as "substance abuse service facilities," as "conditional uses." (*Id.*, Ex. E at ECF Pg ID 477 (Ordinance, Article IX, § 61-9-80(6)).) Thus, for Get Back Up to operate its substance abuse facility, the Ordinance requires Get Back Up to obtain a conditional use permit, which, in turn, involves a review by the City's Building and Safety Engineering Department ("B&SE") and a public hearing. (*Id.*, Ex. E at ECF Pg ID 467-68, (Ordinance, Article III, §§ 61-3-213, 214).) Further, the Ordinance prohibits the B&SE and Detroit's Board of Zoning Appeals from approving a conditional use unless fifteen criteria are satisfied. (*Id.*, Ex. E at ECF Pg ID 470-71, (Ordinance, Article III, § 61-3-231).) As examples, the conditional use must "not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes permitted" and the use must "not substantially diminish or impair property values within the neighborhood." (*Id.*, Ex. E at ECF Pg ID 470-71, (Ordinance, Article III, § 61-3-

3

231).)

**B. Detroit's Building and Safety Engineering Department Grants Get Back Up a Conditional Use Permit**

Get Back Up applied for a conditional use permit and a public hearing was held on November 7, 2007. (*Id.* at 9, ¶¶ 18-19.) The City's Planning and Development Department initially recommended that the B&SE deny Get Back Up's application; but, on December 21, 2007, the B&SE responded to the Planning and Development Department's concerns and conditionally approved the application. (*Id.* at 9, ¶¶ 20-21, Ex. F.) The Planning and Development Department then approved Get Back Up's site plan and use on January 9, 2008. (*Id.* at 9, ¶¶ 22.)

**C. Detroit's Board of Zoning Appeals Reverses the Building and Safety Engineering Department**

On January 18, 2008, a homeowners' association for the neighborhood where the facility is located, the Russell Woods Sullivan Area Association (the "Association"), appealed the B&SE's decision to Detroit's Board of Zoning Appeals ("BZA"). (*Id.* at 11, ¶ 32.) On February 19, 2008 the BZA held a hearing and, according to Get Back Up, the Association proffered "myths and stereotypes regarding recovering substance abusers." (*Id.* at 11, ¶¶ 33, 39.) On February 27, 2008, the BZA reversed the B&SE's decision. (*Id.* at 11, ¶ 40, Ex. L.)

**D. Get Back Up Appeals to the Wayne County Circuit Court**

On or around March 21, 2008, Get Back Up appealed the BZA's decision to Wayne County Circuit Court (Case No. 08-107348-AA). (Dkt. 16, Joint Supp., Ex. 10.)[2] The challenge set forth two counts: Count I was an appeal of the BZA's decision pursuant to Mich. Compl. Laws §

---

[2]Dr. Taylor was also a party to the appeal and, thus, the Plaintiffs/Appellants were Get Back Up and Dr. Taylor. For convenience, the Court refers to the two as Get Back Up when discussing the state-court proceedings.

4

125.3606, which permits a party aggrieved by a zoning board of appeals' decision to file an administrative appeal in state circuit court, but also argued violations of federal law. (*Id.*, Ex. 10 at ECF Pg ID 951-52.) Count II asserted that one or more of the fifteen criteria in Article III, § 61-3-231 of the Ordinance (as well as criteria set forth in § 61-3-232) were unconstitutional. (*Id.*, Ex. 10 at ECF Pg ID 952.)

On August 15, 2008, the day set for oral argument on Get Back Up's appeal, Get Back Up and the BZA entered into a consent judgment ("Consent Judgment"). (Pl.'s Mot. for Prelim. Inj., Ex. M (Consent Judgment).)   The Consent Judgment acknowledged that Count I of the Plaintiffs/Appellants' Complaint was an appeal from the BZA's February 27, 2008 decision. (*Id.*, Ex. M. at ECF Pg ID 748 (Consent Judgment at 1).)  The Consent Judgment further provided,

> With Count II of their Complaint, Plaintiffs also contend that § 61-3-231 of the City of Detroit Zoning Ordinance under which the Application was reviewed violates the United States and Michigan constitutions, and that the BZA's conduct otherwise violates state and federal law.
>
> Plaintiffs/Appellants argue that the B&SE's Conditional Approval Order must be reinstated because: (1) the BZA's Decision and Order is based upon an ordinance which is impermissibly vague and overbroad; (2) the BZA's Decision and Order results in exclusionary zoning in violation of [Mich. Comp. Laws §] 125.3207; (3) the BZA's Decision and Order Violates Plaintiffs' constitutional right to equal protection; (4) the BZA's Decision and Order violates Plaintiffs' substantive and procedural due process rights; (5) the BZA's Decision and Order violates the Americans with Disabilities Act, Rehabilitation Act of 1973, and Fair Housing Act; (6) the BZA's findings lack competent, material, and substantial evidence; (7) the BZA's Decision and Order is not based upon proper procedure in violation of [Mich. Comp. Laws §] 125.3606(b); and (8) the BZA's Decision and Order does not represent the reasonable exercise of discretion granted by law to the BZA.

(*Id.*, Ex. M. at ECF Pg ID 749 (Consent Judgment at 2).)  Under the Consent Judgment, Get Back

5

Up and the BZA "agreed to resolve the appeal (Count I) on the terms and conditions set forth herein and . . . agreed to dismiss Count II without prejudice." (*Id.*)  The referenced "terms and conditions" reinstated (with certain modifications) the B&SE's conditional approval order. (*Id.*, Ex. M. at ECF Pg ID 750 (Consent Judgment at 3).)  The Consent Judgment further provided that the "matter is not remanded" and, "This Order and Judgment resolves the last pending claim and closes this case." (*Id.*)

On October 24, 2008, the Wayne County Circuit Court, apparently in response to a motion to intervene and a motion to set-aside the Consent Judgment filed by the Association, consolidated Get Back Up's appeal with a separate suit filed by the Association  and remanded the case back to the BZA.  (Pl.'s Mot. for Prelim. Inj., Ex. O at ECF Pg ID 761; *see also id.*, Ex. P at ECF Pg ID 764.)[3]  The state court provided, however, "The terms of the Consent Judgment . . . are still in effect."  (*Id.*, Ex. O at ECF Pg ID 761.)

On December 1, 2008, the Wayne County Circuit Court denied motions for reconsideration filed by the BZA and Get Back Up.  The BZA and Get Back Up both maintained that "[t]he case had been settled via a consent judgment between Get Back [Up] and the City; letting the Association [in] upsets the consent judgment."  (*Id.*, Ex. P at ECF Pg ID 764 (Order on Mots. for Reconsideration at 2).)  Get Back Up and the BZA also argued that the Wayne County Circuit Court had "contradicted [itself]" by both upholding the Consent Judgment and remanding to the BZA and that the Association lacked standing.  (*Id.*)  The state circuit court found that "[a] consent judgment — even one a court affirms — doesn't rule out intervention."  (*Id.*, Ex. P at ECF Pg ID 766 (Order on

---

[3]Get Back Up explains  that the Association filed a motion to intervene in the Wayne County Circuit Court action on May 7, 2008 but "the Association did not set this motion for hearing until October 10, 2008."  (Pl.'s Mot. for Prelim. Inj. at 12 n.2.)

Mots. for Reconsideration at 4).)  The court further stated,

> Get Back's and the City's arguments actually redound against them. Parties can't use consent judgments to 'side-step' zoning law. *Vestevich v. West Bloomfield Twp.*, 245 Mich. App. 759, 764-65 (2001).  Effectively, the two want to contract around zoning.
>
> We deny the City's and Get Back's motions for reconsideration.

(*Id.*, Ex. P at ECF Pg ID 767 (Order on Mots. for Reconsideration at 5).)

In April 2009, Get Back Up opened its residential substance abuse treatment facility.  (*Id.* at 12, ¶ 48.)  By December 2009, the facility housed 29 residents and it presently has 40 residents. (*Id.*)

On April 20, 2009, the Wayne County Circuit Court granted the Association's "Motion to Add the Russell Woods Sullivan Area Association as an Indispensible Party and Set Aside Consent Judgment." (*Id.*, Ex. U at ECF Pg ID 800, (Order Setting Aside Consent J. at 2).)  More specifically, the state court (1) added the Association "as a party appellee to this appeal," (2) set aside the Consent Judgment, (3) directed the Association to respond to the claims in Get Back Up's complaint, and (4) remanded the case to the BZA with the instruction that "the Association shall participate in all proceedings on remand before the City of Detroit, Board of Zoning Appeals." (*Id.*) The court also gave Get Back Up leave to amend its Complaint.  (*Id.*)

On May 5, 2009, Get Back Up filed "Appellants/Plaintiffs' First Amended Claim of Appeal and First Amended Complaint." (Dkt. 16, Joint Supp., Ex. 11 (State Ct. Am. Compl.).)  Count I was titled "Claim of Appeal" but also argued that the BZA's decision was in violation of federal laws, including, the Americans with Disabilities Act, the Rehabilitation Act, and the Fair Housing Act. (*Id.*, Ex. 11 (State Ct. Am. Compl. ¶ 36).)  Counts II and III sought declaratory and injunctive relief, and Count IV sought damages from the BZA and the Association for violations of federal law.  (*Id.*,

7

Ex. 11 (State Ct. Am. Compl. ¶¶ 51-52).)

**E.  The Second Hearing Before the Board of Zoning Appeals**

On December 8, 2009, the BZA held another hearing and voted to again reverse the B&SE's grant of the conditional use permit.  (Pl.'s Mot. Prelim. Inj., Ex. D (2d Hearing Tr.).)  The BZA issued its written opinion on March 10, 2010.  (*Id.*, Ex. V (2d BZA Decision).)

**F.  A Second Appeal to the Wayne County Circuit Court**

It is unclear whether Get Back Up appealed this second decision to the Wayne County Circuit Court or simply notified that court that the BZA had made its determination.  In any event, on April 22, 2010, the Wayne County Circuit Court issued an appellate briefing schedule and the parties submitted appeal briefs.  (Wayne County Circuit Court Docket at 10.)[4]  Both Get Back Up and the BZA asserted that the basis of the circuit court's jurisdiction was Mich. Comp. Laws § 125.3606, which, as noted, permits a party aggrieved by a zoning board of appeals' decision to file an administrative appeal in state circuit court.  (Joint Supp., Ex. 13 (Get Back Up's Appeal Brief at 1); Joint Supp., Ex. 14 (BZA's Appeal Brief at 1).)

On June 16, 2010, the Wayne County Circuit Court issued an "Opinion and Order Upholding the Zoning Board."  (Pl.'s Mot. Prelim. Inj., Ex. Z (Op. Upholding BZA).)  The state court first held that there was substantial evidence to support the BZA's decision:

> The record reveals that the Board's decision was based on substantial, competent, and material evidence.  It should go without saying that zoning authorities have no right to violate the law.  If they take an illegal action, we must overturn it.  The authorities have to provide a petitioner with an opportunity to make her case.  A zoning decision has to be supported by material, substantial, and competent evidence.  A zoning board cannot act at whim, blithely abusing the

---

[4]The Wayne County Circuit Court docket sheet is an appendix to this Opinion and Order.

discretion afforded it.

> The decision by the City zoning board to revoke Get Back's conditional permit to operate its business was supported by material, substantial and competent evidence. It was not an abuse of discretion. Even Get Back admits some of its residents were misbehaving.

(*Id.*, Ex. Z at ECF Pg ID 828-29 (Op. Upholding BZA at 6-7).)  Although a bit unclear, the state court next held that the Ordinance was not unconstitutionally vague or overbroad under the First Amendment.  (*Id.*, Ex. Z at ECF Pg ID 829-31 (Op. Upholding BZA at 7-9).)  The court then rejected Get Back Up's class-of-one Equal Protection Clause and substantive due process claims. (*Id.*, Ex. Z at ECF Pg ID 831-32 (Op. Upholding BZA at 9-10).)  Finally, the court addressed Get Back Up's claims under the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Federal Fair Housing Act.  (*Id.*, Ex. Z at ECF Pg ID 833-37 (Op. Upholding BZA at 11-15).) The Wayne County Circuit Court reasoned in part:

> Get Back argues disparate treatment: It says the reason the zoning board won't let it operate out of the Dexter address is because of unfounded animus toward people suffering from addiction.  As we noted above, the appellant doesn't give us much to back up its claims. It says that the Board responded to the concerns of the members of the Association (and, maybe, other people in the neighborhood as well); and the members acted out of pure fear.  We are reluctant to ratify actions taken out of pure fear.

> * * *

> Drug addiction still is a stigma. It's hard to distinguish unfounded prejudice from justifiable fear.  Trafficking in drugs is dangerous. Even recovering addicts may attract drug activity.  Fear of the addict may be impossible to separate from fearing crime.  In a disability case, the plaintiff has to show he was a victim, of unjust discrimination. We can't just assume discrimination. So if Get Back is to prevail, it has to show that we can separate stigma from justified fear.  Get Back doesn't succeed in making such a showing.  It gives us nothing beyond the bare facts.  What goes for the ADA goes for the Rehabilitation and Fair Housing Acts as well.  If Get Back can't

9

show . . . discrimination played a role, it can hardly show
discrimination acted by itself here.  As for the Fair Housing Act, if,
under the ADA, the appellant doesn't have enough evidence to show
the Board's decision was warped by impermissible bias toward
substance abusers, we don't see how he can make a similar showing
under the Fair Housing Act.

We uphold the decision of the Zoning Board.  This moots the
companion civil case, No. 08-102714-CH, so we dismiss it.

(*Id.*, Ex. Z at ECF Pg ID 835-37 (Op. Upholding BZA at 13-15).)

### G.  The Michigan Court of Appeals and Michigan Supreme Court Deny Get Back Up's Applications for Leave to Appeal

On July 6, 2010, Get Back Up filed a claim of appeal in the Michigan Court of Appeals

(Mich. Ct. App. Case No. 299190).[5]  On July 29, 2010, however, the Court of Appeals dismissed

the appeal for lack of jurisdiction:

The Court orders that the claim of appeal is DISMISSED for lack of
jurisdiction because the order of the circuit court on appeal from
another tribunal is not appealable as a matter of right.   MCR
7.203(A)(1)(a); MCR 7.216(A)(10).  An appeal from an order of the
circuit court on appeal from another tribunal must come by
application for leave to appeal under MCR 7.205. MCR 7.203(B).

(Dkt. 1, Compl., Ex. K.)  On August 3, 2010, Get Back Up moved for reconsideration:

[T]he case in circuit court was not entirely an appeal from an inferior
court or tribunal. . . .

Because there were jurisdictional, constitutional and statutory issues
before the circuit court, in addition to an appeal of the decision of the
Detroit Board of Zoning Appeals, its decision is reviewable as a
matter of right.

(Joint Supp., Ex. 15 (Get Back Up's Mot. for Reconsideration in Mich. Ct. App. at 1-2).)  Get Back

---

[5]Michigan Court of Appeals Website, Docket for Court of Appeals Case No. 299190,
*available   at*   http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=299190
&fparties=&inqtype=public&yr=0 (last visited July 9, 2012).

Up also attempted to comply with the Michigan Court of Appeals July 29, 2010 order: on August 4, 2010 it filed a delayed application for leave to appeal which was assigned a separate appellate case number (Mich. Ct. App. Case No. 299422).[6]  On August 26, 2010 the Michigan Court of Appeals denied Get Back Up's motion for reconsideration.  On October 28, 2010, the Michigan Court of Appeals denied Get Back Up's delayed application for leave to appeal "for lack of merit in the grounds presented."  (Dkt. 1, Compl., Ex. L.)

On April 25, 2011, the Michigan Supreme Court denied leave to appeal the Michigan Court of Appeal's June 29, 2010 jurisdiction decision and denied leave to appeal the Michigan Court of Appeal's October 28, 2010 delayed-application-for-leave decision.  *Get Back Up, Inc. v. Detroit Bd. of Zoning Appeals*, 796 N.W.2d 54, 75 (Mich. 2011).  On September 6, 2011, the Michigan Supreme Court denied Get Back Up's motions for reconsideration.  *Get Back Up, Inc. v. Detroit Bd. of Zoning Appeals*, 802 N.W.2d 345 (Mich. 2011).

On September 8, 2011, Get Back Up filed this suit.  (Dkt. 1.)

## II.  ANALYSIS

### A.  Subject Matter Jurisdiction

Federal Courts have a duty to police their own jurisdiction.  The *Rooker-Feldman* doctrine, which gets its name from a pair of Supreme Court cases, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983), prohibits a federal district court from exercising subject-matter jurisdiction where the plaintiff lost in state court and then complains of an injury caused by the state-court judgment and seeks review of that

---

[6]Michigan Court of Appeals Website, Docket for Court of Appeals Case No. 299422, *available at* http://coa.courts.mi.gov/resources/asp/viewdocket.asp?casenumber=299422 &fparties=&inqtype=public&yr=0 (last visited July 9, 2012).

judgment.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291-92 (2005).  As the prior state-court proceedings arguably implicate the doctrine, the Court addresses whether *Rooker-Feldman* applies in this case.

In *Exxon Mobil*, the Supreme Court clarified that the scope the *Rooker-Feldman* doctrine is narrow and not coextensive with claim preclusion:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. *Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

*Exxon Mobil*, 544 U.S. at 284.  Following *Exxon*, the Sixth Circuit has emphasized that district courts are to focus on the source of the injury:

> If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.  If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim.

*McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see also Commodities Exp. Co. v. City of Detroit*, No. 09-CV-11060-DT, 2010 WL 2633042, at *9 (E.D. Mich. June 29, 2010) ("The Sixth Circuit has interpreted *Exxon*' s 'limitation to mean that the *Rooker–Feldman* doctrine applies only when a plaintiff complains of injury from the state-court judgment itself.'" (quoting *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008))).

In this case, the *Rooker-Feldman* doctrine is inapplicable.  Get Back Up does not claim that any state-court judgment is the source of the injury it seeks this Court to remedy.  Rather, Get Back Up alleges that the City of Detroit and its Board of Zoning Appeals — not a judgment of the Wayne

12

County Circuit Court, the Michigan Court of Appeals, or the Michigan Supreme Court — are the source of its injury. In particular, in Count I of its Complaint, Get Back Up asserts that the City's ordinances violate federal law. (Compl. ¶ 52.) Thus, the source injury of the injury is the City, its ordinance, or the BZA which applied the ordinance — not any state-court judgment. Similarly, in Count II, Plaintiff alleges that "[t]he City" may not deprive Get Back Up due process of law under the Fourteenth Amendment. (Compl. ¶ 56.) Therefore, neither count stems from any judgment of a state court. The fact that the Wayne County Circuit Court affirmed the BZA's decision does not change the result. *See McCormick*, 451 F.3d at 394 ("The fact that the state court chose not to remedy the injury does not transform the subsequent federal suit on the same matter into an appeal, forbidden by *Rooker-Feldman*, of the state-court judgment." (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005))); *Camp v. City of Charlevoix*, 1:07-CV-980, 2008 WL 4185954, at *4 (W.D. Mich. Sept. 8, 2008) (holding that "[a]lthough the state court affirmed the [Zoning Board of Appeal's] dismissal of [Plaintiff's] appeal," the state-court judgment did not trigger *Rooker-Feldman* where the complaint did not allege that the judgment itself violated federal law). Accordingly, this Court has subject-matter jurisdiction over Plaintiff's suit.

**B. This Case is Not Barred by Res Judicata**

The City and the BZA's only challenge to Get Back Up's request for preliminary relief is that this suit is barred by the doctrine of res judicata. While this argument appears, at first blush, to be sound, a careful examination of the procedural history, coupled with binding precedent, dictates a different result.

### 1. Legal Standard

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "a federal court must give the same preclusive effect to a state-court judgment as another court of that State would give." *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 523 (1986); *accord Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."). Thus, this Court looks to Michigan's claim-preclusion law.

"[The Michigan Supreme] Court has taken a broad approach to the doctrine of res judicata, holding that it bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). More fully, the doctrine bars a subsequent action when "(1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies." *Sewell v. Clean Cut Mgt., Inc.*, 621 N.W.2d 222, 225 (Mich. 2001).

### 2. Two Potentially Preclusive Actions

In this case, there are potentially two preclusive prior actions because Michigan permits zoning board decisions to be challenged on two litigation tracks. First, "[a]ny party aggrieved by a decision of the zoning board of appeals may appeal to the circuit court for the county in which the property is located." Mich. Comp. Laws § 125.3606(1). If a party invokes § 125.3606, then

> The circuit court shall review the record and decision to ensure that the decision meets all of the following requirements:
>
> (a) Complies with the constitution and laws of the state.
> (b) Is based upon proper procedure.
> (c) Is supported by competent, material, and substantial evidence on

14

the record.
(d) Represents the reasonable exercise of discretion granted by law
to the zoning board of appeals.

Mich. Comp. Laws § 125.3606(1).  Second, a party aggrieved by a decision of the zoning board of

appeals may simply file a civil suit against the board.  *See  Whitmore Lake 23/LLC v. Ann Arbor*

*Charter Twp.*, No. 294696, 2011 WL 1600507, at *1-2 (Mich. Ct. App. Apr. 28, 2011).[7]  The Court

first examines whether Get Back Up's administrative appeal is preclusive on this suit and then

considers whether Get Back Up also filed a civil suit, and, if so, whether that action is preclusive.

### 3.  Get Back Up's Administrative Appeal

The parties do not dispute that Get Back Up's administrative appeal was fully adjudicated

on the merits.  Further, the administrative appeal involved Get Back Up and the BZA: two parties

to this suit.  Nonetheless, the Court finds that the administrative appeal is not preclusive because,

under Michigan Supreme Court authority, claims arising under federal law are not properly raised

or adjudicated in the context of an administrative appeal.  *See Houdini Properties, LLC v. City of*

*Romulus*, 480 Mich. 1022, 743 N.W. 2d 198, 198-99 (2008).[8]

In *Houdini*, the plaintiff owned a lot near the Detroit Metropolitan Airport and sought a

---

[7]This is sensible: a civil suit, as opposed to an administrative appeal, permits a party aggrieved by the zoning board to conduct discovery and recover damages.  In fact, recently adopted Michigan Court Rule 7.122, which governs appeals to the circuit court from a determination under a zoning ordinance by a zoning board of appeals, makes clear that "[t]his rule does not restrict the right of a party to bring a complaint for relief relating to a determination under a zoning ordinance." Mich. Ct. R. 7.122(A)(2).

[8]In its opening brief, Get Back Up raised the issue of res judicata in a footnote.  As mentioned, the issue was the entirety of the City's response brief.  Neither party, however, cited the *Houdini* case.  The Court advised the parties, pre-hearing, that they should be prepared to discuss the case at oral argument and, thereafter, Get Back Up cited it in its Reply Brief.

zoning variance to erect a billboard. *Id.* at 199 (Corrigan, J. dissenting).[9]  The zoning board denied

the variance and the plaintiff appealed that decision to the Wayne County Circuit Court. *Id.*  In its

appeal, the plaintiff argued, among other things, that the board's denial of the variance was an

unconstitutional taking. *Id.*  Subsequently, the plaintiff filed a civil suit in Wayne County Circuit

Court seeking damages from the board's denial and again asserted a takings claim. The plaintiff also

added a substantive due process claim and a claim under 42 U.S.C. § 1983.  *Id.*; *see also Houdini*

*Properties, L.L.C. v. City of Romulus*, No. 266338, 2006 WL 1626643, at *2 (Mich. Ct. App. June

13, 2006) *rev'd* 480 Mich. 1022, 743 N.W. 2d 198 (2008).  While this civil suit was pending, the

Wayne County Circuit Court decided the administrative appeal by affirming the zoning board's

decision.  743 N.W. 2d at 200; *see also* 2006 WL 1626643, at *2.  Then, in the civil suit, the Wayne

County Circuit Court granted summary disposition in favor of the defendant holding that the earlier

decision in the administrative appeal was res judicata.  2006 WL 1626643, at *2-3; *see also* 743

N.W. 2d at 200.  The Michigan Court of Appeals affirmed the Wayne County Circuit Court's

application of res judicata:

> Plaintiff's subsequent civil action here was barred by the trial court's
> prior affirmation of the decision of defendant's zoning board of
> appeals.  The parties do not dispute that the ruling on the appeal was
> a determination on the merits or that they were involved in both
> actions.  Moreover, the matters raised in this subsequent civil action
> could have been resolved in the initial appeal.  Notably, although
> plaintiff contends that it could have procured new or additional
> evidence through discovery in the civil action, it does not avoid the
> fact that the same evidence involved in the appeal would be used to
> prove allegations contained in the subsequent lawsuit.  In addition,
> plaintiff's application for the zoning variance included arguments
> pertaining to the constitutional issues raised by plaintiff in its

---

[9]The majority opinion in *Houdini* provides no facts.  Facts are therefore gleaned from Justice Corrigan's dissent and the Michigan Court of Appeals' decision.

> subsequent lawsuit, arguments the circuit court on appeal from the
> zoning decision was statutorily authorized to consider, MCL
> 125.585(11)(a).[10] Because this subsequent lawsuit relied on the same
> facts and evidence as the appeal regarding the denial of a zoning
> variance, the two actions are considered the same for purposes of res
> judicata and summary disposition in favor of defendant under MCR
> 2.116(C)(7) was appropriate.

2006 WL 1626643, at *3 (Mich. Ct. App. June 13, 2006) *rev'd* 743 N.W.2d 198 (2008).

The Michigan Supreme Court, however, disagreed.  Over a dissent that argued that Mich.

Comp. Laws § 125.585(11) did not "mean that the [Wayne County Circuit Court] [was] precluded

from reviewing the constitutional ramifications of the ZBA decision or other claims involving the

same facts, such as a constitutional challenge to the zoning ordinance," 743 N.W.2d at 202

(Corrigan, J. dissenting), the Michigan Supreme Court held:

> The plaintiff's claim of appeal pursuant to MCL 125.585(11) was not
> a "pleading."  MCR 2.110(A).  As the defendant has acknowledged,
> the joinder rules of MCR 2.203 therefore do not apply to a claim of
> appeal from the decision of a zoning board of appeals.  The decision

---

[10]Mich. Comp. Laws § 125.585(11) is the predecessor to Mich. Comp. Laws § 125.3606(1)
(which governs this suit) and provided:

> The decision of the board of [zoning] appeals is final. However, a
> person having an interest affected by the zoning ordinance may
> appeal to the circuit court.  Upon appeal, the circuit court shall review
> the record and decision of the board of appeals to ensure that the
> decision meets all of the following requirements:
> (a) Complies with the constitution and laws of this state.
> (b) Is based upon proper procedure.
> (c) Is supported by competent, material, and substantial evidence on
> the record.
> (d) Represents the reasonable exercise of discretion granted by law
> to the board of appeals.

Mich. Comp. Laws § 125.585(11) (1997).  For purposes of this case, the provisions are substantively
identical.  *See* 743 N.W. 2d at 200 n.2 (Corrigan, J. dissenting) ("Effective July 1, 2006, MCL
125.585 was repealed by the new Michigan Zoning Enabling Act, 2006 PA 110, MCL 125.3101 et
seq.  The section equivalent to MCL 125.585(11) is now codified as MCL 125.3606(1), which is
substantively identical.").

17

> of the circuit court on appeal from the zoning board of appeals'
> denial of a use variance was not res judicata on the plaintiff's
> constitutional claims. The zoning board of appeals did not have
> jurisdiction to decide the plaintiff's substantive due process and
> takings claims. Under MCL 125.585(11), the circuit court's review
> is confined to the record and decision of the zoning board of appeals.
> Therefore, the circuit court could not rule on takings issues in the
> plaintiff's appeal.

*Houdini*, 743 N.W.2d at 198-99. Implicit in the Michigan Supreme Court's decision was that it was

of no import that the takings issue was actually adjudicated in the zoning board appeal. *See id.* at

202 (Corrigan, J. dissenting).

      *Houdini* thus makes clear that the prior state-court adjudication of Get Back Up's

administrative appeal does not preclude this suit. This is so even if, in deciding that appeal, the state

court resolved the very federal-law claims now before this Court. This is because any federal-law

claims raised in Get Back Up's administrative appeal were beyond the scope of the administrative

appeal. *See Houdini*, 743 N.W.2d at 198-99; Mich. Comp. Laws § 125.3606(1).

      *4. Get Back Up's Civil Suit*

      Given the foregoing, the preclusion question reduces down to whether, in addition to an

administrative appeal, Get Back Up filed a civil suit, and, if so, whether that suit was adjudicated

on the merits. Regarding the first question, it appears that Get Back Up filed a contemporaneous

civil action. On April 20, 2009, the state court added the Association as a "party appellee to this

appeal," set aside the Consent Judgment between Get Back Up and the BZA, and, most important

for present purposes, gave Get Back Up leave to file an amended complaint. (Pl.'s Mot. Prelim. Inj.,

Ex. U at ECF Pg ID 800, (Order Setting Aside Consent J. at 2).) Get Back Up's "First Amended

Claim of Appeal and First Amended Complaint" not only had a count titled "Claim of Appeal" but

also included a count for declaratory relief as to the constitutionality of sections 61-3-231 and 61-3-

232 of the Ordinance and a count for damages for violations of federal law, including, the federal statutes Get Back Up relies upon in this suit. (Joint Supp., Ex. 11 (State Court Am. Compl at 5 & ¶¶ 34, 44, 52).) Moreover, the Wayne County Circuit Court docket reflects other indicia of a civil suit.  In February 2010, after the state court had remanded to the BZA for a second hearing but before the BZA's second decision was before the circuit court on appeal, the Association moved to enjoin operation of Get Back Up's facility in the state-court action.  (Wayne County Circuit Court Docket at 10.)  Also in February 2010, the Wayne County Circuit Court denied Get Back Up's motion to reopen discovery.  (*Id.*)

But even assuming Get Back Up filed a civil suit, that does not mean that suit is now preclusive: the question is whether Get Back Up's civil action was ever adjudicated on the merits. As a starting point, the Wayne County Circuit Court docket suggests that there was no such adjudication.  After the BZA issued its second decision in March 2010, the Wayne County Circuit Court set an *appellate* briefing schedule.  (Wayne County Circuit Court Docket at 10.)  Get Back Up, the BZA, and the Association then filed *appellate* briefs.  (*Id.*)  Both Get Back Up and the City provided that the circuit court's jurisdiction was based on Mich. Comp. Laws § 125.3606, which, as noted, permits a party aggrieved by a zoning board of appeals' decision to file an administrative appeal in state circuit court.  (Joint Supp., Ex. 13 (Get Back Up's Appeal Brief at 1); Joint Supp., Ex. 14 (BZA's Appeal Brief at 1).)  The Wayne County Circuit Court then issued its June 16, 2010 opinion which is titled "Opinion and Order *Upholding the Zoning Board*."  (Pl.'s Mot. for Prelim. Inj., Ex. Z (emphasis added).)  The opinion does not explicitly dismiss Counts II through V of Get Back Up's amended complaint.  The opinion concludes, "we uphold the decision of the Zoning

Board." (*Id.*, Ex. Z at ECF Pg ID at 837.)[11]  No party ever moved for summary disposition or

dismissal which would be consistent with adjudicating a civil suit.  Instead, in July 2010, Get Back

Up appealed to the Michigan Court of Appeals.  Arguably then, based on the Wayne County Circuit

Court docket, there was never an adjudication on the merits of Get Back Up's state-court civil suit

for purposes of claim preclusion.  Rather, it appears the Wayne County Circuit Court addressed Get

Back Up's federal-law claims because Get Back Up included them in its "Claim of Appeal" count.

(Joint Supp. Ex. 11 (State Court Am. Compl. at ¶¶ 35-37, 40).)

       Even more instructive, however, is the action of the Michigan Court of Appeals.  When Get

Back Up filed a claim of appeal as of right in the Michigan Court of Appeals, that court dismissed

---

[11]Although neither party has raised the issue, the Court notes that the Wayne County Circuit
Court order also stated: "This moots the companion civil case, No. 08-102714-CH, so we dismiss
it." (Pl.'s Mot. for Prelim. Inj., Ex. Z at ECF Pg ID at 837.)  In January 2008, the Association filed
a one-count complaint in Wayne County Circuit Court which provided,

> Based upon Defendants' conduct in violation of the law and the
> egregiousness of their conduct, Plaintiffs seek a declaratory judgment
> to declare Defendants' use and modification of the structure at 12305
> Dexter for the purposes of a substance abuse facility a nuisance per
> se.  Plaintiffs also request that this Honorable Court impose a proper
> penalty for the violation as allowed by statute and law, including but
> not limited to MCL 125.3407.

(Joint Supp., Ex. 24 at ECF Pg ID 1934 (Association's State Ct. Compl. ¶ 19).)
       The Court does not believe that the dismissal of the Association's companion case as moot
is claim preclusive of this suit.  The City has provided no argument in support of that theory.
Although the Court has found no Michigan case law squarely on point, other courts have found that
a dismissal of a case as moot is not an adjudication on the merits. *Fieger v. Corrigan*, 602 F.3d 775,
777-78 (6th Cir. 2010) ("We agree that [district court's] dismissal [of this suit] was appropriate,
though we do not endorse the district court's application of the formal res judicata doctrine.  This
is not a res judicata case.  At the time the district court issued its decision in this case, the 2004 case
was on appeal and therefore not final.  Furthermore, on appeal, *Fieger IV* was decided on mootness
grounds, so the 2004 case did not result in a final judgment on the merits to which we could now
give preclusive effect."); *Farkas v. New York State Dept. of Civil Serv.*, 114 A.D.2d 563, 565, 494
N.Y.S.2d 178, 180 (1985) ("Based upon the principles and case law discussed above, we conclude
that the dismissal of the prior proceeding herein as moot was not a final determination on the merits
and, therefore, should not be accorded res judicata effect beyond the question decided therein").

for lack of jurisdiction concluding that "the order of the circuit court on appeal from another tribunal

is not appealable as a matter of right. [Mich. Ct. Rule] 7.203(A)(l)(a); [Mich. Ct. Rule]

7.216(A)(10)." (Dkt. 1, Compl., Ex. K (1st Mich. Ct. App. Order).)  Get Back Up then moved for

reconsideration arguing that there was more than a mere administrative appeal before the Wayne

County Circuit Court:

> It is Plaintiff's position that the claim of appeal was proper because
> the case in circuit court was not entirely an appeal from inferior court
> or tribunal.   See MCR 7.203(A)(1)(a).   Specifically, Plaintiff
> advanced a number of arguments in the lower court *beyond a simple
> appeal* of the Detroit Board of Zoning Appeals['] decision, including:
> (1) a challenge to the jurisdiction of the BZA on the grounds that the
> Association's appeal to the BZA was late; (2) the right of the
> Association to intervene and attack a valid consent judgment; (3) the
> constitutionality of the City's ordinance; and (4) whether the City's
> conduct violated federal law.  All of these issues are addressed in the
> circuit court's opinion. . . .
>
> Because there were jurisdictional, constitutional and statutory issues
> before the circuit court, *in addition to an appeal of the decision of the
> Detroit Board of Zoning Appeals*, its decision is reviewable as a
> matter of right.  The Detroit Board of Zoning Appeals had no
> jurisdiction over such matters, *so in that respect the proceedings in
> circuit court were original*, not appellate.

(Joint Supp., Ex. 15 at ECF Pg ID 1243-44 (Get Back Up's Mot. for Reconsideration in Mich. Ct.

App. at 1-2) (emphases added)).)  But, even in view of these arguments, the Michigan Court of

Appeals denied Get Back Up's motion for reconsideration.  Therefore, implicit in the Michigan

Court of Appeals' dismissal of Get Back Up's claim of appeal is its conclusion  that the Wayne

County Circuit Court had simply adjudicated an administrative appeal.

     This conclusion is underscored by the BZA's arguments to the Michigan Supreme Court:

> The instant case, however, is clearly an appeal and has been treated
> as such from the outset.  Its docket number in circuit court has the
> case classification code AA (Agency Appeals - see MCR 8.1

21

17(A)(1)(a)), and the circuit court clearly treated it as an appeal, with the parties filing appellate briefs.

In setting forth the standards for Circuit Court review of a Board of Zoning Appeals (BZA) decision, MCL 125.3606(2) states that if the Circuit Court finds that the record made below at the BZA appeal hearing is inadequate for the Circuit Court to be able to make the review required under MCL 126.3606(1)(a-d), then the Circuit Court shall remand the matter to the BZA for further proceedings on conditions that the Circuit Court considers proper.  As co-Defendant Russell Woods pointed out in the Court of Appeals, this is the statute that all parties and the circuit court relied on in reviewing the BZA's decision, and all of Plaintiff's claims fall within this scope of review.

(Joint Supp., Ex. 19 at ECF Pg ID 1645, 1648 (BZA's Br. in Opp. Get Back Up's App. for Leave to Appeal to Mich. S. Ct. at 10, 13).)

In sum, assuming that Get Back Up filed a separate civil suit in the Wayne County Circuit Court, that court's docket indicates that  no dispositive motions were ever filed in that suit.  Nor did the suit proceed to trial.  Instead, soon after the Wayne County Circuit Court issued its June 2010 opinion addressing Get Back Up's administrative appeal, Get Back Up appealed that appellate decision to the Michigan Court of Appeals.  The Court of Appeals dismissed, thereby finding that the circuit court's June 2010 order was simply a decision on Get Back Up's administrative appeal. The Wayne County Circuit Court docket does not reflect any material activity in the circuit court following the Michigan Court of Appeals' decision.  Accordingly, this Court finds that even if Get Back Up filed both an administrative appeal and a civil suit in the Wayne County Circuit Court, that court did not adjudicate the claims of that suit on the merits such that Get Back Up's state-court suit is preclusive of this action.

Because the state court's adjudication of Get Back Up's administrative appeal of the BZA's decision is not preclusive, *Houdini*, 743 N.W.2d at 198-99; Mich. Comp. Laws § 125.3606(1), and

22

because, assuming Get Back Up also filed a civil suit, that litigation track did not terminate with an adjudication on the merits, the entirety of the prior state-court litigation does not preclude this suit.

### C. The Merits of Get Back Up's Motion for Preliminary Injunction

The Court does not reach the merits of Get Back Up's Motion for Preliminary Injunction. As noted, the City only contests Get Back Up's request for preliminary relief by asserting that Get Back Up's suit is barred by the doctrine of res judicata. (*See generally*, Defs.' Resp. to Pl.'s Mot. for Prelim. Inj.) During a discussion with the parties prior to the preliminary injunction hearing, the Defendants agreed that *if* this Court finds that Get Back Up is not barred from bringing this action under res judicata, they would stipulate to the relief Get Back Up seeks in its Motion for Preliminary Injunction. Because the Court finds that Get Back Up is not barred by res judicata, the Court resolves Plaintiff's motion by enforcing Defendants' stipulation.

## III. CONCLUSION AND ORDER

By stipulation of the parties entered contemporaneously with this opinion and order (Dkt. 17), IT IS HEREBY ORDERED that Defendants City of Detroit and the Board of Zoning Appeals shall not, pursuant to Mich. Comp. Laws § 125.3407, seek to shut down Get Back Up's substance abuse facility as a *nuisance per se* until either further order from this Court or this Court enters final judgment.

**IT IS SO ORDERED.**

s/Laurie J. Michelson_____
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: July 13, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 13, 2012.

s/Jane Johnson_____
Deputy Clerk

# APPENDIX

THIRD JUDICIAL CIRCUIT OF MICHIGAN

# REGISTER OF ACTIONS
## CASE NO. 08-107348-AA

| GET BACK UP INC v CITY OF DET BD OF ZONING APPEA | § § § § | Location: **Civil Division**<br>Judicial Officer: **Murphy, John A.**<br>Filed on: **03/21/2008** |
|---|---|---|

---

### CASE INFORMATION

**Statistical Closures**
08/15/2008    Order Entered (Section A)

Case Type: **(AA) - Agencies**

Case Status: **08/15/2008   Final**

Case Flags: **Higher Court Order/Decision Received**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number        08-107348-AA
Court               Civil Division
Date Assigned       03/21/2008
Judicial Officer       Murphy, John A.

---

### PARTY INFORMATION

*Lead Attorneys*

| Appellee | **Russell Woods Sullivan Association** | |
|---|---|---|
| Petitioner | **GET BACK UP INC**<br>Removed: 10/24/2008<br>Inactive at time of conversion | **Frank, Jonathan B.**<br>*Retained*<br>(248) 642-0500(W) |
| | **Taylor, William**<br>Removed: 10/24/2008<br>Inactive at time of conversion | **Frank, Jonathan B.**<br>*Retained*<br>(248) 642-0500(W) |
| Respondent | **CITY OF DET BD OF ZONING APPEA**<br>Removed: 10/24/2008<br>Inactive at time of conversion | **Nader, John M.**<br>*Retained*<br>(313) 237-3034(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 03/21/2008 | Appeal Actions from Lower/Other Courts/Agency (Judicial Officer: Murphy, John A. )<br>*(CTSCLERK: ROSS_K)* | |
| 03/21/2008 | Status Conference Scheduled<br>*(CTSCLERK: REID FELEC)* | |
| 03/21/2008 | Case Filing Fee - Paid (Judicial Officer: Moore, Warfield, Jr. )<br>Party: Attorney Sundquist, Richard A.<br>*(CTSCLERK: REID FELEC) (AMT: $150.00)* | |
| 03/24/2008 | Circuit Court File & Record Sent<br>*CC FILE SENT TO JDG MOORE FOR REVIEW (CTSCLERK: THOMAS_S)* | |
| 03/26/2008 | Circuit Court File & Record Sent<br>*NOTICE REGARDING CLAIM OF APPEAL SENT TO BASEMENT (CTSCLERK: THOMAS_S)* | |
| 03/28/2008 | Miscellaneous Judicial Hearing Activity (Judicial Officer: Moore, Warfield, Jr.)<br>Resource: Courtroom Clerk F5834 Monts, Linda<br><br>*NEXT ACT: FUTURE CHECK DATE-05/20/2008 Reporter: Elaine Jordan* | |

*Printed on 07/05/2012 at 1:58 PM*

# REGISTER OF ACTIONS
## CASE NO. 08-107348-AA

|  |  |
|---|---|
| | *(CTSCLERK: MONTS)*<br>*Reviewed by Court* |
| 03/28/2008 | Case Scheduled (Judicial Officer: Moore, Warfield, Jr. )<br>*LWR CT RECORD DUE (CTSCLERK: MONTS)* |
| 03/28/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Moore, Warfield, Jr.)<br>Resource: Courtroom Clerk  F5834  Monts, Linda<br>*NEXT ACT: APPEAL BRIEFS DUE-06/17/2008 Reporter: Elaine Jordan*<br>*(CTSCLERK: MONTS)*<br>*Reviewed by Court* |
| 03/28/2008 | Case Scheduled (Judicial Officer: Moore, Warfield, Jr. )<br>*APPELLANTS BRIEF (CTSCLERK: MONTS)* |
| 03/28/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Moore, Warfield, Jr.)<br>Resource: Courtroom Clerk  F5834  Monts, Linda<br>*NEXT ACT: APPEAL BRIEFS DUE-07/15/2008 Reporter: Elaine Jordan*<br>*(CTSCLERK: MONTS)*<br>*Reviewed by Court* |
| 03/28/2008 | Case Scheduled (Judicial Officer: Moore, Warfield, Jr. )<br>*APPELLEES BRIEF (CTSCLERK: MONTS)* |
| 03/28/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Moore, Warfield, Jr.)<br>Resource: Courtroom Clerk  F5834  Monts, Linda<br>*NEXT ACT: ORAL ARGUMENT ON DIST APEAL-08/01/2008 Reporter: Elaine*<br>*Jordan (CTSCLERK: MONTS)*<br>*Reviewed by Court* |
| 03/28/2008 | Case Scheduled (Judicial Officer: Moore, Warfield, Jr. )<br>*(CTSCLERK: MONTS)* |
| 04/17/2008 | Appearance of Attorney, filed<br>Party:  Respondent  CITY OF DET BD OF ZONING APPEA<br>*Atty: JAMES KIMBERLY A. (CTSCLERK: ALLEN_L)* |
| 04/17/2008 | Proof of Service, Filed<br>*(CTSCLERK: ALLEN_L)* |
| 05/07/2008 | Motion Filed (Judicial Officer: Moore, Warfield, Jr. )<br>*NEXT ACT: MISCELLANEOUS MOTION HEARING-05/30/2008 Reporter: Elaine*<br>*Jordan Clerk: Linda Monts (CTSCLERK: MONTS)* |
| 05/07/2008 | Motion Hearing Scheduled (Judicial Officer: Moore, Warfield, Jr. )<br>*INTERVENE (CTSCLERK: MONTS)* |
| 05/07/2008 | Notice of Filing, Filed<br>*NOTICE OF HEARING (CTSCLERK: THOMAS_S)* |
| 05/07/2008 | Motion to Intervene, Filed<br>*Atty: FLUKER VANESSA G. Comment: FEE PAID BRF/F PRF/F (CTSCLERK:*<br>*RECTOR_C) (AMT: $20.00)* |
| 05/21/2008 | Miscellaneous Pleadings, Filed<br>*RECORD ON APPEAL (CTSCLERK: THOMAS_S)* |
| 05/21/2008 | Proof of Service, Filed<br>*(CTSCLERK: THOMAS_S)* |

*Printed on 07/05/2012 at 1:58 PM*

# THIRD JUDICIAL CIRCUIT OF MICHIGAN
## REGISTER OF ACTIONS
### CASE NO. 08-107348-AA

| | | |
|---|---|---|
| 05/30/2008 | **Motion Hearing** (Judicial Officer: Moore, Warfield, Jr.)<br>*(CTSCLERK: MONTS)*<br>*Not Held* | |
| 05/30/2008 | Case Reassigned (Judicial Officer: Murphy, John A. )<br>*(CTSCLERK: ROSS_K)* | |
| | 05/30/2008 | Reassignment - Prior Case, Signed and Filed (Judicial Officer: Murphy, John A. )<br>*TO JDG.CURTIS FROM JDG.MOORE-PRIOR 08102714CH (CTSCLERK: ROSS_K)* |
| 05/30/2008 | Notice of Hearing, Filed<br>*RE NOTICE (CTSCLERK: ALLEN_L)* | |
| 05/30/2008 | Proof of Service, Filed<br>*(CTSCLERK: ALLEN_L)* | |
| 06/06/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Curtis, Daphne Means)<br>Resource: Courtroom Clerk  F5854  Bascomb, Cheryl<br>*Reporter: Laurie Patterson (CTSCLERK: BASCOMB)*<br>*Reviewed by Court* | |
| | 06/06/2008 | Continued Comments (Judicial Officer: Curtis, Daphne Means )<br>*NOTICE SENT TO ADJ ORAL ARG.TO 8-28-08 (CTSCLERK: BASCOMB)* |
| 06/06/2008 | **Oral Arguments** (Judicial Officer: Curtis, Daphne Means)<br>Resource: Court Rpt/Rec  6909  Patterson, Laurie<br>Resource: Courtroom Clerk  F5854  Bascomb, Cheryl<br>*NEXT ACT: ORAL ARGUMENTS-08/28/2008 (CTSCLERK: BASCOMB)*<br>*Adjourned* | |
| 06/11/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Curtis, Daphne Means)<br>Resource: Courtroom Clerk  F5854  Bascomb, Cheryl<br>*Reporter: Laurie Patterson (CTSCLERK: BASCOMB)*<br>*Reviewed by Court* | |
| | 06/11/2008 | Order for Miscellaneous Action, Signed and Filed (Judicial Officer: Curtis, Daphne Means )<br>*ORD.RECUSING JUDGE CURTIS (CTSCLERK: BASCOMB)* |
| 06/11/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Curtis, Daphne Means)<br>Resource: Courtroom Clerk  F5854  Bascomb, Cheryl<br>*Reporter: Laurie Patterson (CTSCLERK: BASCOMB)*<br>*Reviewed by Court* | |
| | 06/11/2008 | Continued Comments (Judicial Officer: Curtis, Daphne Means )<br>*CASE TO BE REASSIGNED (CTSCLERK: BASCOMB)* |
| 06/11/2008 | Proof of Service, Filed<br>*(CTSCLERK: BYNUM_D)* | |
| 06/13/2008 | Proof of Service, Filed<br>*(CTSCLERK: THOMAS_S)* | |
| 06/17/2008 | **Appellate Review Hearing** (Judicial Officer: Moore, Warfield, Jr.) | |

# REGISTER OF ACTIONS
## CASE NO. 08-107348-AA

|  |  |  |
|---|---|---|
|  | *(CTSCLERK: MONTS)* |  |
|  | *Not Held* |  |
| 06/17/2008 | Brief, Filed |  |
|  | *APPELLANT/APPEAL EX1-27 (CTSCLERK: THOMAS_S)* |  |
| 06/17/2008 | Proof of Service, Filed |  |
|  | *(CTSCLERK: THOMAS_S)* |  |
| 06/23/2008 | Brief, Filed |  |
|  | *APPELLANTS (CTSCLERK: THOMAS_S)* |  |
| 06/23/2008 | Proof of Service, Filed |  |
|  | *(CTSCLERK: THOMAS_S)* |  |
| 06/27/2008 | **Status Conference** (Judicial Officer: Moore, Warfield, Jr.) |  |
|  | *(CTSCLERK: REID FELEC)* |  |
|  | *Not Held* |  |
| 07/09/2008 | Case Reassigned (Judicial Officer: Murphy, John A. ) |  |
|  | *(CTSCLERK: ROSS_K)* |  |
|  | 07/09/2008 | Reassignment - Disqualification, Signed and Filed (Judicial Officer: Murphy, John A. ) |
|  |  | *REASSG FR CURTI TO MURPH BY MURPHY JOHN A (CTSCLERK: ROSS_K)* |
| 07/15/2008 | **Appellate Review Hearing** (Judicial Officer: Moore, Warfield, Jr.) |  |
|  | *(CTSCLERK: MONTS)* |  |
|  | *Not Held* |  |
| 07/15/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Murphy, John A.) |  |
|  | Resource: Courtroom Clerk  F5909  Ross, Katrina |  |
|  | *(CTSCLERK: ROSS_K)* |  |
|  | *Reviewed by Court* |  |
|  | 07/15/2008 | Information Provided (Judicial Officer: Murphy, John A. ) |
|  |  | *APPELLANT"S SUPPLM INDEX OF AUTHORITIES RECEIVED (CTSCLERK: ROSS_K)* |
| 07/28/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Murphy, John A.) |  |
|  | Resource: Courtroom Clerk  F5909  Ross, Katrina |  |
|  | *Reporter: Kathleen Maxwell (CTSCLERK: ROSS_K)* |  |
|  | *Reviewed by Court* |  |
|  | 07/28/2008 | Information Provided (Judicial Officer: Murphy, John A. ) |
|  |  | *APPELLEE"S BRIEF RECEIVED (CTSCLERK: ROSS_K)* |
| 08/01/2008 | **Oral Argument on District Appeal** (Judicial Officer: Moore, Warfield, Jr.) |  |
|  | *(CTSCLERK: MONTS)* |  |
|  | *Not Held* |  |
| 08/12/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Murphy, John A.) |  |
|  | Resource: Courtroom Clerk  F5909  Ross, Katrina |  |
|  | *Reporter: Reba Hooper (CTSCLERK: ROSS_K)* |  |
|  | *Reviewed by Court* |  |
|  | 08/12/2008 | Information Provided (Judicial Officer: Murphy, John A. ) |

*Printed on 07/05/2012 at 1:58 P\**

# REGISTER OF ACTIONS
## CASE NO. 08-107348-AA

*APPELLANTS RESP TO APPELLEE"S MO & RESP BRIEF*
*(CTSCLERK: ROSS_K)*

| | | |
|---|---|---|
| 08/13/2008 | Proof of Service, Filed | |
| | *(CTSCLERK: WESTFALL_J)* | |
| | | |
| 08/15/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Murphy, John A.) | |
| | Resource: Courtroom Clerk  F5909  Ross, Katrina | |
| | *Reporter: Reba Hooper (CTSCLERK: ROSS_K)* | |
| | *Reviewed by Court* | |
| | | |
| | 08/15/2008 | Order for Consent Jdgmt S/F (Judicial Officer: Murphy, John A. ) |
| | | *ORD & JGMT APROVING CONDITIONAL USE* |
| | | *APPLICATION (CTSCLERK: ROSS_K)* |
| | | |
| 08/28/2008 | **Oral Arguments** (Judicial Officer: Curtis, Daphne Means) | |
| | *(CTSCLERK: BASCOMB)* | |
| | *Not Held* | |
| | | |
| 09/12/2008 | Notice of Hearing, Filed | |
| | *RE-NOTICE (CTSCLERK: ROSE_S)* | |
| | | |
| 09/12/2008 | Motion Filed (Judicial Officer: Murphy, John A. ) | |
| | *NEXT ACT: MISCELLANEOUS MOTION HEARING-09/19/2008 Reporter:* | |
| | *Kathleen Maxwell Clerk: Katrina Ross (CTSCLERK: ROSS_K)* | |
| | | |
| | 09/12/2008 | Motion Hearing Scheduled (Judicial Officer: Murphy, John A. ) |
| | | *MTN TO INTERVENE & CONSOLIDATE CASES* |
| | | *(CTSCLERK: ROSS_K)* |
| | | |
| 09/19/2008 | **Motion Hearing** (Judicial Officer: Murphy, John A.) | |
| | Resource: Court Rpt/Rec  10  Maxwell, Kathleen | |
| | Resource: Courtroom Clerk  F5909  Ross, Katrina | |
| | *NEXT ACT: MISCELLANEOUS MOTION HEARING-10/03/2008 (Remarks: MTN* | |
| | *TO INTERVENE & CONSOLIDATE CASES) (CTSCLERK: ROSS_K)* | |
| | *Adjourned* | |
| | | |
| 09/22/2008 | Notice of Hearing, Filed | |
| | *RE-NOTICE (CTSCLERK: BYNUM_D)* | |
| | | |
| 09/29/2008 | **Motion Hearing** (Judicial Officer: Murphy, John A.) | |
| | Resource: Court Rpt/Rec  10  Maxwell, Kathleen | |
| | Resource: Courtroom Clerk  F5909  Ross, Katrina | |
| | *NEXT ACT: MISCELLANEOUS MOTION HEARING-10/10/2008 (Remarks: MTN* | |
| | *TO INTERVENE & CONSOLIDATE CASES) (CTSCLERK: ROSS_K)* | |
| | *Adjourned* | |
| | | |
| 09/29/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Murphy, John A.) | |
| | Resource: Courtroom Clerk  F5909  Ross, Katrina | |
| | *Reporter: Kathleen Maxwell (CTSCLERK: ROSS_K)* | |
| | *Reviewed by Court* | |
| | | |
| | 09/29/2008 | Order for Miscellaneous Action, Signed and Filed (Judicial Officer: |
| | | Murphy, John A. ) |
| | | *O ADJ HRG ON MO TO INTERVENE & CONSOLIDATE* |
| | | *CASES (CTSCLERK: ROSS_K)* |
| | | |
| 10/03/2008 | **Motion Hearing** (Judicial Officer: Murphy, John A.) | |
| | *(CTSCLERK: ROSS_K)* | |

# REGISTER OF ACTIONS
## CASE NO. 08-107348-AA

|  |  |
|---|---|
|  | *Not Held* |
| 10/07/2008 | Appearance of Attorney, filed<br>Party: Respondent CITY OF DET BD OF ZONING APPEA<br>Party 2: Attorney Nader, John M.<br>*(CTSCLERK: BYNUM_D)* |
| 10/07/2008 | Proof of Service, Filed<br>*(CTSCLERK: BYNUM_D)* |
| 10/10/2008 | **Motion Hearing** (Judicial Officer: Murphy, John A.)<br>Resource: Court Rpt/Rec 10 Maxwell, Kathleen<br>Resource: Courtroom Clerk F5909 Ross, Katrina<br>*(CTSCLERK: ROSS_K)*<br>*Held* |

|  |  |  |
|---|---|---|
|  | 10/10/2008 | Granted (Judicial Officer: Murphy, John A. )<br>*GRNT MO TO INTERVENE IN PART;CASE 2B REMANDED*<br>*BACK (CTSCLERK: ROSS_K)* |

| 10/10/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Murphy, John A.)<br>Resource: Courtroom Clerk F5909 Ross, Katrina<br>*Reporter: Kathleen Maxwell (CTSCLERK: ROSS_K)*<br>*Reviewed by Court* |
|---|---|

|  |  |  |
|---|---|---|
|  | 10/10/2008 | Continued Comments (Judicial Officer: Murphy, John A. )<br>*TO ZONING APPEAL BOARD (CTSCLERK: ROSS_K)* |

| 10/16/2008 | Received 7-Day Order for Entry<br>Party: Respondent CITY OF DET BD OF ZONING APPEA<br>Party 2: Attorney Nader, John M.<br>*O RE MTNS HEARD ON 10/10/08-PROOF & NOTICE (CTSCLERK: ROSS_K)* |
|---|---|

| 10/24/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Murphy, John A.)<br>Resource: Courtroom Clerk F5909 Ross, Katrina<br>*Reporter: Kathleen Maxwell (CTSCLERK: ROSS_K)*<br>*Reviewed by Court* |
|---|---|

|  |  |  |
|---|---|---|
|  | 10/24/2008 | Order for Miscellaneous Action, Signed and Filed (Judicial Officer: Murphy, John A. )<br>*O REMAND CASE TO CITY OF DET BOARD OF ZONING*<br>*APPEA (CTSCLERK: ROSS_K)* |

| 10/24/2008 | **Miscellaneous Judicial Hearing Activity** (Judicial Officer: Murphy, John A.)<br>Resource: Courtroom Clerk F5909 Ross, Katrina<br>*Reporter: Kathleen Maxwell (CTSCLERK: ROSS_K)*<br>*Reviewed by Court* |
|---|---|

|  |  |  |
|---|---|---|
|  | 10/24/2008 | Continued Comments (Judicial Officer: Murphy, John A. )<br>*CSNTF STILL IN EFFECT; TRO RESOLVED-7DAY*<br>*(CTSCLERK: ROSS_K)* |

| 11/07/2008 | Proof of Service, Filed<br>*(Clerk: Hawthorn,J)* |
|---|---|
| 11/07/2008 | Proof of Service, Filed<br>*(Clerk: Allen,L)* |
| 11/07/2008 | Motion for Reconsideration/Rehearing, Filed |

# REGISTER OF ACTIONS
## CASE NO. 08-107348-AA

*Fee: $20.00 PAID (Clerk: Hancock,B)*

| | | |
|---|---|---|
| 11/07/2008 | Proof of Service, Filed | |
| | *(Clerk: Hancock,B)* | |

11/07/2008      Proof of Service, Filed
               *(Clerk: Hancock,B)*

11/07/2008      General Brief, Filed
               *(Clerk: Hancock,B)*

11/07/2008      Proof of Service, Filed
               *p41610 (Clerk: Hancock,B)*

11/10/2008      Proof of Service, Filed
               *amended dd (Clerk: Rector,C)*

11/11/2008      Motion for Reconsideration/Rehearing, Filed
               *Fee: $20.00 PAID Appellants (Clerk: Hawthorn,J)*

12/01/2008      Opinion of Court, Signed and Filed (Judicial Officer: Murphy, John A. )
               *re o deny city's & get back up's mtn for reconsideration (Clerk: Ross,K)*

         12/01/2008      Order Denying Motion, Signed and Filed (Judicial Officer: Murphy, John A. )
                        *ord deny city's & get back up's mtn for reconsideration (Clerk: Ross,K)*

02/06/2009      Motion to Add Party, Filed
               *Fee: $20.00 PAID add russell woods sullivan area assc (Clerk: Harrison,S)*

         02/06/2009      General Brief, Filed
                        *(Clerk: Harrison,S)*

         02/06/2009      Proof of Service, Filed
                        *(Clerk: Harrison,S)*

02/09/2009      Appearance of Attorney, Filed
               Party: Respondent CITY OF DET BD OF ZONING APPEA
               *Joseph F. Galvin (p13821) (Clerk: Hawthorn,J)*

03/02/2009      Miscellaneous Response, Filed
               Party: Respondent CITY OF DET BD OF ZONING APPEA
               *Appellee motion to add Russell Woods (Clerk: Hawthorn,J)*

03/02/2009      Proof of Service, Filed
               *(Clerk: Hawthorn,J)*

03/03/2009      Miscellaneous Response, Filed
               Party: Petitioner GET BACK UP INC; Petitioner Taylor, William
               *To Motion (Clerk: Hawthorn,J)*

03/03/2009      Proof of Service, Filed
               *(Clerk: Bynum,D)*

03/06/2009      **Motion Hearing** (Judicial Officer: Murphy, John A.)
               Resource: Court Rpt/Rec 10 Maxwell, Kathleen
               Resource: Courtroom Clerk C5909 Ross, Katrina
               *intervenor/appellee's mto to add russell woods & set aside consent jgmt*
                  *02/27/2009     Reset by Court to 03/06/2009*

# REGISTER OF ACTIONS
## CASE NO. 08-107348-AA

| | | |
|---|---|---|
| 03/13/2009 | | Motion for Miscellaneous Action Granted, Order to Follow (Judicial Officer: Murphy, John A. ) |
| | | *(Clerk: Strong-Cooper,A)* |
| 03/18/2009 | | Received 7-Day Order for Entry (Judicial Officer: Murphy, John A. ) |
| | | *re o setting aside consent jgmt & grnt intervention of russell woods sullivan area assoc-proof and notice (Clerk: Ross,K)* |

03/12/2009     Reply to Brief, Filed
               *(Clerk: Johnson,M)*

     03/12/2009          Proof of Service, Filed
                                    *(Clerk: Johnson,M)*

03/19/2009     Answer to Complaint, Filed
               Party:  Respondent  CITY OF DET BD OF ZONING APPEA
               Party 2:  Respondent  CITY OF DET BD OF ZONING APPEA
               *And Affirmative Defenses Russell Woods Sullivan Area (Clerk: Hawthorn,J)*

03/19/2009     Proof of Service, Filed
               *(Clerk: Hawthorn,J)*

03/23/2009     Objection, Filed (Judicial Officer: Murphy, John A. )
               Party:  Attorney  Sundquist, Richard A.
               *(Clerk: Ross,K)*

     04/17/2009          **Motion Hearing** (Judicial Officer: Murphy, John A.)
                                    Resource: Court Rpt/Rec  10  Maxwell, Kathleen
                                    Resource: Courtroom Clerk  C5909  Ross, Katrina
                                    *obj to entry of proposed 7 day order per m/p*
                                    *Motion and/or Praecipe Dismissed*

03/24/2009     Notice of Hearing, Filed
               *Corrected renotice of hearing of objections (Clerk: Marshall,T)*

03/24/2009     Proof of Service, Filed
               *(Clerk: Marshall,T)*

04/16/2009     Ordr to Set Aside, Signed and Filed (does not change status) (Judicial Officer: Murphy, John A. )
               *ord set aside consent jgmt & grnt intervention ofrussell woods sullivan area assoc.; notice of entry waived (Clerk: Ross,K)*

04/20/2009     **Special Conference** (Judicial Officer: Murphy, John A.)
               Resource: Court Rpt/Rec  10  Maxwell, Kathleen
               Resource: Courtroom Clerk  C5909  Ross, Katrina
               *re ord entered on 4/16/09*

     04/20/2009          Order for Miscellaneous Action, Signed and Filed (Judicial Officer: Murphy, John A. )
                                    *corrected ord set aside consent jgmt & grnt intervention of russell woods sullivan; spec conf placed on record (Clerk: Ross,K)*

05/05/2009     Amended Complaint, Filed
               Party:  Petitioner  GET BACK UP INC;  Petitioner  Taylor, William
               *1st. Amended (Clerk: Hawthorn,J)*

# THIRD JUDICIAL CIRCUIT OF MICHIGAN
## REGISTER OF ACTIONS
### CASE NO. 08-107348-AA

| | |
|---|---|
| 05/19/2009 | Miscellaneous Response, Filed<br>Party: Respondent CITY OF DET BD OF ZONING APPEA<br>*(Clerk: Hawthorn,J)* |
| 05/22/2009 | Proof of Service, Filed<br>*(Clerk: Hawthorn,J)* |
| 05/26/2009 | Answer to Affirmative Defenses, Filed<br>Party: Appellee Russell Woods Sullivan Association<br>*Amended (Clerk: Hawthorn,J)* |
| 06/22/2009 | Stipulation, Filed<br>*(Clerk: Ross,K)* |
| 06/23/2009 | Order for Miscellaneous Action, Signed and Filed (Judicial Officer:<br>Murphy, John A. )<br>*ord for facilitation (Clerk: Ross,K)* |
| 07/24/2009 | Witness List, Filed<br>Party: Appellee Russell Woods Sullivan Association<br>*(Clerk: Hawthorn,J)* |
| 07/24/2009 | Certificate of Mailing<br>*(Clerk: Hawthorn,J)* |
| 01/04/2010 | Miscellaneous Motion, Filed<br>Party: Appellee Russell Woods Sullivan Association<br>*Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; Notice of Hearing, Filed*<br>*(Clerk: Hawthorn,J)* |
| 01/11/2010 | Proof of Service, Filed<br>*(Clerk: Harrison,S)* |
| 01/15/2010 | Answer to Motion, Filed<br>Party: Appellee Russell Woods Sullivan Association<br>*(Clerk: Allen,L)* |
| 01/20/2010 | Notice of Hearing, Filed<br>*proof of service (Clerk: Alexander,S)* |
| 01/20/2010 | Proof of Service, Filed<br>*(Clerk: Hawthorn,J)* |
| 02/08/2010 | Stipulation, Filed<br>*(Clerk: Ross,K)* |
| 02/08/2010 | Order Substituting Defendant Attorney, Signed and Filed (Judicial<br>Officer: Murphy, John A. )<br>Party: Attorney Sundquist, Richard A.<br>*jonathan frank, as df counsel for get back up & william taylor*<br>*(Clerk: Ross,K)* |
| 02/12/2010 | Opposition, Filed<br>*(Clerk: Allen,L)* |
| 02/18/2010 | Order for Miscellaneous Action, Signed and Filed (Judicial Officer: Murphy, John A. )<br>*ord changing time for oral argument to 2:30pm (Clerk: Ross,K)* |

*Printed on 07/05/2012 at 1:58 PM*

# THIRD JUDICIAL CIRCUIT OF MICHIGAN
## REGISTER OF ACTIONS
### CASE NO. 08-107348-AA

| | |
|---|---|
| 02/19/2010 | **Motion Hearing** (Judicial Officer: Murphy, John A.)<br>Resource: Court Rpt/Rec 5396 Clark, Patsy<br>Resource: Courtroom Clerk C5909 Ross, Katrina<br>*intervenor/appellee's mo to enjoin operation of a residential substance abuse serv<br>facility*<br>    *01/22/2010    Reset by Court to 02/19/2010* |
| 02/19/2010 | **Motion Hearing** (Judicial Officer: Murphy, John A.)<br>Resource: Court Rpt/Rec 5396 Clark, Patsy<br>Resource: Courtroom Clerk C5909 Ross, Katrina<br>*pl's mo to reopen discv & for amnd sched ord; (runner notified that copy of mtn is<br>needed)*<br>    *01/22/2010    Reset by Court to 02/19/2010* |
| 03/15/2010 | Order Denying Motion, Signed and Filed (Judicial Officer: Murphy, John A. )<br>*mo to enjoin operation of a residential substance abuse service & reopen discovery<br>denied (Clerk: Fletcher,L)* |
| 04/05/2010 | Proof of Service, Filed<br>*(Clerk: Smith,L)* |
| 04/22/2010 | Briefing Schedule (Judicial Officer: Murphy, John A. )<br>*Lower Court File Due: Appellant Brief Due:5/5/2010 Appellee Brief Due:5/25/2010<br>(Clerk: Ross,K)* |
| 05/07/2010 | Stipulation, Filed (Judicial Officer: Murphy, John A. )<br>*(Clerk: Ross,K)* |
| 05/07/2010 | Order Extending Time, Signed and Filed (Judicial Officer: Murphy,<br>John A. )<br>*ord ext time for filing briefs, appellant to file brief 5/12/2010,<br>appellee's to file brief 6/1/2010 (Clerk: Ross,K)* |
| 05/12/2010 | Proof of Service, Filed<br>*(Clerk: Smith,L)* |
| 05/12/2010 | General Brief, Filed<br>*(Clerk: Smith,L)* |
| 06/01/2010 | Appeal Brief of Appellee, Filed<br>*exhibits filed (Clerk: Alexander,S)* |
| 06/01/2010 | Appeal Brief of Appellee, Filed (Judicial Officer: Murphy, John A. )<br>Party:  Appellee  Russell Woods Sullivan Association<br>*(Clerk: Ross,K)* |
| 06/01/2010 | Appeal Brief of Appellee, Filed (Judicial Officer: Murphy, John A. )<br>Party:  Respondent  CITY OF DET BD OF ZONING APPEA<br>*(Clerk: Ross,K)* |
| 06/10/2010 | Reply to Brief, Filed<br>*P # 42656 Proof of service, filed (Clerk: Schmidt,M)* |
| 06/16/2010 | **Oral Arguments** (Judicial Officer: Murphy, John A.)<br>Resource: Court Rpt/Rec 10 Maxwell, Kathleen<br>Resource: Courtroom Clerk C5909 Ross, Katrina<br>*Held* |

# REGISTER OF ACTIONS
## CASE NO. 08-107348-AA

| | | |
|---|---|---|
| 06/16/2010 | | Taken Under Advisement (Judicial Officer: Murphy, John A. ) |
| | | *re oral argument on appeal (Clerk: Ross,K)* |
| 06/16/2010 | Opinion of Court, Signed and Filed (Judicial Officer: Murphy, John A. ) |
| | *opinion & order upholding the zoning board (Clerk: Fletcher,L)* |
| 07/09/2010 | Motion Transcript Ordered |
| | *Kathleen Maxwell 6/16/10 (Due Date: 10/08/2010) (Clerk: Calhoun,T)* |
| 07/09/2010 | | Steno Certificate Required |
| | | *(Due Date: 07/16/2010) (Clerk: Calhoun,T)* |
| 07/09/2010 | Motion Transcript Ordered |
| | *Charisse Clark 2/19/10 (Due Date: 10/08/2010) (Clerk: Calhoun,T) (Complete Date: 09/22/2010)* |
| 07/09/2010 | | Steno Certificate Required |
| | | *(Due Date: 07/16/2010) (Clerk: Calhoun,T)* |
| 07/16/2010 | Affidavit, Filed |
| | *William Taylor (Clerk: Smith,L)* |
| 07/16/2010 | Proof of Service, Filed |
| | *(Clerk: Smith,L)* |
| 07/16/2010 | Miscellaneous Motion, Filed |
| | *Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; (Clerk: Smith,L)* |
| 07/21/2010 | **Motion Hearing** (Judicial Officer: Murphy, John A.) |
| | Resource: Court Rpt/Rec 10  Maxwell, Kathleen |
| | Resource: Courtroom Clerk  C5909  Ross, Katrina |
| | *pl's mtn for stay pending appeal* |
| | *Reviewed by Court* |
| 07/21/2010 | | Order Denying Motion, Signed and Filed (Judicial Officer: Murphy, John A. ) |
| | | *ord deny pl's mtn for stay pending appeal; w/o oral argument; ord on praecipe (Clerk: Ross,K)* |
| 07/21/2010 | Miscellaneous Motion, Filed |
| | *Fee: $20.00 Paid; Brief, Filed; Proof of Service, Filed; (Clerk: Smith,L)* |
| 07/22/2010 | Opposition, Filed |
| | *(Clerk: Smith,L)* |
| 07/22/2010 | Certificate, Filed |
| | *(Clerk: Smith,L)* |
| 07/29/2010 | Higher Court Order/Decision Received by Circuit Court |
| | *claim of appeal is dismissed, motion for consideration is dismissed (Clerk: Alexander,S)* |
| 09/02/2010 | Higher Court Order/Decision Received by Circuit Court |
| | *reconsideration of crt ord 7/29/10 denied (Clerk: Rector,C)* |
| 09/22/2010 | Transcript, Filed |
| | *csr 5396 1 trans 02/19/2010 (Clerk: Alexander,S)* |

Printed on 07/05/2012 at 1:58 PM

# REGISTER OF ACTIONS
## CASE NO. 08-107348-AA

| 09/30/2010 | File Sent |
|---|---|
| | *File Sent To coad 8 records, 1 transcript (Clerk: Alexander,S)* |

10/28/2010    Higher Court Order/Decision Received by Circuit Court
*motion for immediate consideration is granted, delayed application for leave to appeal is denied, motion for ex parte stay is denied, motion for stay is denied (Clerk: Alexander,S)*

04/28/2011    Circuit Court Case File Received
*8 records received - sent to LL-61 for filing (Clerk: Schmidt,M)*

04/28/2011    Higher Court Order/Decision Received by Circuit Court
*Appeal Denied (Clerk: Schmidt,M)*

04/28/2011    Higher Court Order/Decision Received by Circuit Court
*Appeal denied (Clerk: Schmidt,M)*