**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GET BACK UP, INC.,

    Plaintiff,

v.                                                                              Case No. 11-13909

CITY OF DETROIT, et al.,

    Defendants.
                                                            /

**ORDER DIRECTING FURTHER BRIEFING**

After the City of Detroit denied a zoning permit, the substance-abuse treatment center Get Back Up sued in federal court, seeking to enjoin the enforcement of Detroit's zoning ordinance. On July 1, 2013, the district court granted judgment for Detroit. On July 15th Get Back Up moved for reconsideration. On July 18th Detroit declared the largest municipal bankruptcy in the Nation's history. *In re Detroit*, 13-53846 (Bankr. E.D. Mich.). In response to the motion for reconsideration Detroit asserts that the Bankruptcy Code's automatic stay, 11 U.S.C. § 362(a), governs this action.

Section 362(a) provides that a petition in bankruptcy "operates as a stay, applicable to all entities," of, among many other things, a judicial action against the debtor that arose before the commencement of the bankruptcy case. Although § 362(b) lists some exceptions, none appears to apply to Get Back Up's action. Section 362(b)(4), it is true, allows a government body to proceed with an action enforcing its "regulatory power." *See In re Javens*, 107 F.3d 359 (6th Cir. 1997).

But for that "exception to apply, [the] governmental unit must bring the action." 3 *Collier on Bankruptcy* ¶ 362.05[5][b] (2013).

This is a peculiar action to stay in deference to a bankruptcy. Detroit does not owe Get Back Up money. Get Back Up seeks no money judgment. An action involving the same dispute but with Detroit on offense, and Get Back Up on defense, would likely continue. *See Cournoyer v. Town of Lincoln*, 790 F.2d 971 (1st Cir. 1986). However, the Bankruptcy Code says what it says. Section 362(a) offers broad relief, and "the drafting of the exceptions" in § 362(b) "is precise and intentional." *Collier on Bankruptcy, supra* ¶ 362.05. It looks like the action must halt.

All this said, Get Back Up has yet to give an opinion. Accordingly,

IT IS ORDERED that by **September 25, 2013**, Get Back Up must, in a paper of no more than ten pages, state whether it agrees that the automatic stay applies. Disagreement requires explanation.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: September 12, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 12, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-13909.GETBACKUP.Supplement.ckb.wpd