UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GET BACK UP, INC.,

    Plaintiff,

v.                                    Case No. 11-13909

CITY OF DETROIT, et al.,

    Defendants.
                                                    /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Following the court's July 1, 2013, order granting judgment on the pleadings to Defendants, Plaintiff Get Back Up, Inc. ("GBU") asks the court to reconsider its ruling. The local rule provides:

> the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and the other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001) (Lawson, J.).

GBU begins its motion by noting that it is aware that it cannot raise the same issues ruled upon by the court or submit new evidence in support of its motion to reconsider. Nevertheless, GBU argues that its case presents unique and compelling circumstances given the important nature of its work to rehabilitate drug-addicted

individuals. GBU asserts that the court erred in its analysis concluding that the zoning ordinance does not discriminate against the disabled. GBU argues that "the Court misapprehended the fundamental nature of [GBU's] facility. It is far more like a nursing home, rest home, convalescent center, medical clinic or hospital than it is like a rooming house." (Pg. ID 2134.)

This is exactly the type of argument that the Local Rule was designed to prohibit. In its opinion and order, the court analyzed Detroit's zoning ordinance and concluded that the ordinance does not treat materially similar groups differently. Applied to GBU, the court concluded that GBU is not materially similar to a nursing home or hospital, both "by-right" uses under the ordinance. Detroit, Mich., Zoning Ordinance §§ 61-9-74, 61-9-75. This rendered the ordinance facially neutral, and the court did not find evidence that discriminatory animus motivated the Detroit's Board of Zoning Appeals's decision.

GBU also argues that the court erred by raising this analysis *sua sponte*. Not so. Whether Detroit's zoning ordinance treats materially similar groups differently on the basis of a suspect classification is a threshold issue in the case, and the parties presented argument on the issue in their respective briefs, as well as at a hearing on the motions. Indeed, counsel for GBU was specifically asked what "by-right" uses it believed were materially similar to GBU's facility, and why they should be so considered. Thus, GBU had ample opportunity to argue its position. Accordingly,

IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 26] is DENIED.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 20, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 20, 2013, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-13909.GETBACKUP.DenyReconsideration.jac.wpd